IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
May 21, 2002 Session

## STATE OF TENNESSEE v. JOHN TRAVIS COLLINS, ALIAS

**Direct Appeal from the Criminal Court for Knox County**
**No. 55819      Mary Beth Leibowitz, Judge**

_____

**No. E2001-01301-CCA-R3-CD**
**August 27, 2002**
_____

The State challenges the trial court's jurisdiction to modify sentence more than six years after judgment. Generally a trial court would not have jurisdiction to modify a sentence more than 120 days after judgment becomes final. However, we conclude that where the defendant was never in the physical custody of the Department of Correction, jurisdiction to modify sentence remained in the trial court. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which THOMAS T. WOODALL and NORMA MCGEE OGLE, JJ., joined.

Paul G. Summers, Attorney General and Reporter; Mark A. Fulks, Assistant Attorney General; Randall Eugene Nichols, District Attorney General; and Patricia Cristil and Steven C. Garrett, Assistant District Attorneys General, for the appellant, State of Tennessee.

James A.H. Bell (at trial), Steven Oberman (at trial), and Tommy K. Hindman (on appeal), Knoxville, Tennessee, for the appellee, John Travis Collins, Alias.

**OPINION**

In February of 1995, the defendant, John Travis Collins, pled guilty to vehicular homicide, a Class C felony. Pursuant to a plea agreement, he was sentenced to five years with all but nine months to be served on probation. Pursuant to Tennessee Code Annotated section 40-35-314, the trial court ordered the defendant to serve the nine months confinement in the Knox County Penal Farm. In addition, the defendant was ordered to pay $50,000.00 restitution to the victim's family, and his driving privileges were suspended for a period of nine years. In March of 2001, the defendant filed a motion for release from probation and modification of sentence, requesting the trial court to modify the judgment and restore his driving privileges. The trial court granted the defendant's motion and restored his driving privileges. The State filed this timely appeal contending

that the trial court was without jurisdiction to modify its judgment more than six years after it became final.

The defendant's conviction for vehicular homicide resulted from an automobile accident which was caused by the defendant's vehicle striking the rear of the victim's vehicle. The victim died as a result of the accident, and a blood alcohol test revealed that the defendant's blood alcohol content was .25 at the time of the accident. At the hearing on the defendant's motion for release from probation and restoration of driving privileges, the defendant asserted that he had fulfilled his restitution obligation, refrained from driving for seven years, completed DUI driving school, and undergone material changes in his health and marital status.[1] At the time of the hearing, the defendant was employed, drug free, and married with a nineteen-month-old baby. The victim's family attorney also appeared at the hearing and informed the court that the family was aware of the defendant's change in circumstances. He further stated that the defendant had paid restitution ahead of schedule, and the victim's family had no objection to restoration of the defendant's driving privileges.

On appeal, the State argues that the trial court did not have jurisdiction to modify the defendant's sentence more than 120 days after the judgment became final and that the nine-year revocation was part of the plea agreement which should not be altered. We disagree. While we acknowledge that the trial court normally does not have jurisdiction or authority to change the sentence in any manner once the judgment becomes final, Tennessee Code Annotated section 40-35-319(b), we conclude that this case falls within the exception provided in Tennessee Code Annotated section 40-35-212. "Unless the defendant receives a sentence in the department [of correction], the [trial] court shall retain full jurisdiction over the manner of the defendant's sentence service." Tenn. Code Ann. § 40-35-212(c). Furthermore, subsection (d) provides:

> Notwithstanding the provisions of subsection (c), the court shall retain full jurisdiction over a defendant sentenced to the department during the time the defendant is being housed in a local jail or workhouse awaiting transfer to the department. Such jurisdiction shall continue until such time as the defendant is actually transferred to the physical custody of the department.

Id. at (d).

In the instant case, the defendant was sentenced to five years in the Tennessee Department of Correction. However, with regard to the manner of service, the trial court ordered the sentence to be served in split confinement with nine months confinement at the Knox County Penal Farm and four years and three months on supervised probation. The judgment reflects that the trial court relied on Tennessee Code Annotated section 40-35-314(d), which provides that "if the sentence is eight (8) years or less and combined with periodic or split confinement not to exceed one (1) year, the court shall designate the place of confinement as a local jail or workhouse." We note that subsection (c) additionally provides that "the [trial] court shall retain full jurisdiction over the defendant during

---

[1] The defendant had apparently developed some health problems which precipitated his need to drive on occasion in order to get medical treatment.

the term of such sentence and may reduce or modify the sentence or may place the defendant on probation supervision where otherwise eligible." Tenn. Code Ann. § 40-35-314(c).

Because the instant defendant was sentenced to less than one year of continuous confinement with the balance of his sentence to be served on probation, he was properly ordered to serve the term of confinement in the local jail. In addition, it is clear from the record that the defendant was never transferred to the physical custody of the Tennessee Department of Correction. As such, the trial court retained full jurisdiction over the defendant. Tenn. Code Ann. §§ 40-35-212(c); 40-35-314(a), (c). This issue is without merit.

Accordingly, the judgment of the trial court is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE